IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ACT, INC., | : |
| | : Case No. 3:18-cv-00186-TRM-HBG |
| Plaintiff and Counter-Defendant, | : |
| | : |
| v. | : |
| | : |
| WORLDWIDE INTERACTIVE NETWORK, INC., | : |
| | : |
| Defendant and Counter-Claimant. | : |
| | : |
| | : JURY TRIAL DEMANDED |

**PLAINTIFF ACT, INC'S OPPOSITION TO DEFENDANT WORLDWIDE INTERACTIVE NETWORK, INC'S MOTION TO COMPEL DISCOVERY**

## I. INTRODUCTION

The motion to compel of Defendant Worldwide Interactive Network Inc. ("Defendant" or "WIN") reveals that its document requests are unnecessary, unduly burdensome and harassing. In its motion, Defendant contends, for the first time, that the works on which Plaintiff obtained a copyright registration are not sufficiently original to qualify for copyright protection because Plaintiff copied its WorkKeys system from the Occupational Information Network ("O*NET"). (Dkt. 40 at p. 1-2.)

This contention is not in Defendant's answer, or its initial disclosures or its responses to interrogatories. Indeed, none of Defendant's prior submissions and/or filings even mention O*NET. In its motion, Defendant claims, for the first time:

> "The degree to which the content of ACT's WorkKeys systems constitutes an original work of authorship, and the degree to which such content directly mirrors, and/or constitutes a direct copy of, the educational standards established by O*NET, is an issue to be determined in this lawsuit. However, it is believed that ACT's WorkKeys systems, and in particular, the "skill level description" portions of ACT's WorkKeys systems, closely follow and resemble the educational standards written and published by O*NET."

(*Id*.)

Defendant's "belie[f]" (*id*) that Plaintiff copied O*NET to create Plaintiff's works is wrong. O*Net is a program provided by the U.S. Department of Labor. The Labor Department describes O*NET as the nation's primary source of occupational information. https://www.onetonline.org/help/onet/. The central feature of the program is the O*NET database, containing information on hundreds of standardized and occupation-specific descriptors. *Id*. Unlike O*NET, Plaintiff does not offer a database; rather, Plaintiff's products and services are workplace readiness assessments. But since this is a discovery motion, the dispute over the substance of Defendant's contention is for another day and a different motion.

According to Defendant's own theory of the case, whether Plaintiff has the copyrights it claims can be determined by comparing the publicly-available O*NET educational standards with the works on which Plaintiff has obtained copyright registrations. Thus, there is no reason for

Defendant to have served nearly 250 unduly burdensome document requests and there is no reason to compel Plaintiff to hand over to its competitor Plaintiff's highly confidential, proprietary works, let alone "all drafts and versions" of these works and/or "documents pertaining to the creation, development, and ownership of those works." (Dkt. 40 at pp. 8 and 12.) Defendant's motion should be denied.

### III. PLAINTIFF'S WRITTEN RESPONSES AND OBJECTIONS ARE PROPER

#### A. Plaintiff's Objections are Clear

Defendant wrongly contends that Plaintiff failed to "provid[e] any explanation as to the reasons or basis for asserting [its] objection[s]," for example, that the request at issue is "vague and ambiguous" and/or "overbroad." (Dkt. 40 at p. 7.) Defendant's motion fails to explain why or how "ACT's objections are evasive, incomplete, and improper under Federal Rules of Civil Procedure 34 and 37(a)(4)." (Dkt. 40 at p. 6-7.) They are not.

Indeed, Plaintiff's objections are clear. For example, Defendant's Request No. 2 seeks "DOCUMENTS sufficient to show the number of employees of ACT, the positions held by each, and the reporting structure for the employees at ACT." (Dkt. 40-2 at p. 3.) Plaintiff ACT, which was founded in 1959, objected that this request is "overbroad and vague and ambiguous *as to time* since the request does not clarify for which period in time it seeks ACT's employment information*[1]*."[2] (*Id.*) The reason for the objection is stated plainly: Plaintiff's objection properly states it is overbroad *as to time*. Sixty years' worth of Plaintiff's employment history is not relevant or proportional to the needs of the case.

#### B. Plaintiff Fully And Adequately Responded To Defendant's Document Requests

Defendant claims that Plaintiff fails to adhere to Rule 34's requirement that "an objection must state whether any responsive materials are being withheld on the basis of that objection." (Dkt. 40 at p. 7.) That is wrong. The 2015 advisory committee notes to the applicable rule plainly

---

[1] All emphasis added unless otherwise stated.
[2] Plaintiff further objected to this request "on the grounds it seeks confidential and sensitive information." Plaintiff has not withheld responsive documents based on confidentiality.

state that "[a]n objection may state that a request is overbroad," however, if a party intends to produce some responsive documents, it should include, *for example*, "a statement that the responding party will limit the search to documents . . . within a given period of time prior to the events in suit, or to specified sources." Fed. R. Civ. P. 34. This is precisely what Plaintiff did. For example, Defendant's Request for Production No. 13 seeks "[a]ll DOCUMENTS and COMMUNICATIONS PERTAINING TO copying of any portion of the ACT WorkKeys assessments by any PERSON other than ACT." (Dkt. 40-2 at p. 6.) Plaintiff objected to this incredibly overbroad request—encompassing documents lacking any inkling of relevancy—and stated, in pertinent part:

> With regard to copying by WIN, Plaintiff will produce non-privileged documents responsive to this request that can be located after a reasonable search . . . To the extent that this request seeks documents relating to infringement by those other than WIN, Plaintiff will conduct a reasonable search for, and produce, if they exist, responsive letters to third parties.

(*Id.* at p. 7.)

This response complies with Rule 34, and Defendant fails to show that it does not. Plaintiff's response adequately explains whether Plaintiff is withholding any responsive information. (Dkt. 40 at p. 7.) Plaintiff's response specifies that it is limiting its search with respect to third-parties to responsive letters to third parties. The same is true for the rest of Plaintiff's responses that Defendant improperly complains about. (*See id.* and Dkt. 40-2.)

### C. Defendant's Motion Was Filed for Improper Purposes

As explained above, Defendant's motion has no basis in applicable law. Rather, Defendant filed it merely to attempt to create a false equivalency. On December 7, 2018, Plaintiff filed a motion to compel, citing extensive case law, authorities and examples illustrating profound and significant deficiencies in Defendant's response to Plaintiff's interrogatories. To distract from the real issue of Defendant's deficiencies, Defendant then filed its own motion to compel—completely devoid of ***any*** supporting case law for the positions it exerts. Indeed, Defendant cites only *one* case in its entire motion. (*See* Dkt. 40 at p. 9.) And the single case it cites was provided in support

of a proposition that has been superseded by a subsequent amendment to the Federal Rules of Civil Procedure. *See* Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial Nat. Ed. ¶ 11:610 ("Beware of relying on older case law that predated the December 1, 2015 effective date of amended Rule 26(b). Former Rule 26(b) provided a more liberal discovery standard . . . [and was] replaced with the "proportionality" factors [added] . . . to reduce the costs of discovery"). Defendant's meritless and flimsy motion should not conceal that Defendant's responses are insufficient—not Plaintiff's. Defendant's motion should be denied.

### D. Defendant Refused to Cooperate to Resolve the Dispute

In an attempt to understand Defendant's unsupported complaints and to reduce the burden on the Court in deciding Defendant's motion, Plaintiff's counsel contacted Defendant's counsel to seek clarification regarding the alleged deficiencies in Plaintiff's responses. Plaintiff's counsel indicated that based on Defendant's clarification of its allegations in its motion, Plaintiff would evaluate the need for supplemental responses to resolve the dispute. Specifically, Plaintiff's counsel's December 19, 2018 email to Defendant's counsel stated:

> We believe we may, and would like to, resolve at least the issues presented in Argument Section A and B of [Defendant] WIN's motion to compel by serving supplemental responses to WIN's requests for production. We need some more information from you to do so. Specifically, in Section B, WIN states:
>
>> As discussed above, Federal Rule of Civil Procedure 34(b)(2)(B) requires that a party responding to a request for production "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).
>
> ACT believes it satisfied this requirement, but we would like to understand WIN's request so that we can resolve this dispute. WIN did not cite any case law explaining "the reasons" requirement, nor give any examples showing how "the reasons" requirement is satisfied. Please provide: (1) any case law you have that supports your argument that ACT's responses as written do not comply with this requirements; and (2) examples from WIN's RFP responses that describe "the reasons" for the objection in compliance with Rule 34(b)(2)(B).
>
> We will review and supplement our responses accordingly.

(Parsafar Decl., Ex. A.) Counsel for Defendant WIN did not respond. Counsel for Plaintiff followed up the next day, on December 20, asking for a response. (Parsafar Decl., Ex. A.) Defense counsel continued to fail to respond. In a final attempt to resolve the dispute, Plaintiff's counsel followed-up in a third attempt on December 27, 2018 seeking to meet and confer and resolve the dispute. (Parsafar Decl., Ex. A.) Defendant continued to ignore Plaintiff's efforts to resolve the issue. (Parsafar Decl. ¶ 2.)

Defendant WIN has failed to provide case law or examples from it own interrogatory responses demonstrating that Plaintiff's responses fail to comply with the Federal Rules. Defendant has no interest whatsoever in resolving the purported dispute or obtaining supplemental responses from Plaintiff. Defendant's conduct shows that there is no merit to this motion, and that Defendant filed it to distract from the motion filed against Defendant and attempt to create a false equivalency. Defendant's baseless and improper motion should be denied.

**II.   THE COURT SHOULD DENY DEFENDANT'S MOTION TO COMPEL DOCUMENTS THAT ARE IRRELEVANT AND NOT PROPORTIONAL TO THE NEEDS OF THE CASE**

Defendant seeks documents "pertaining to the creation, development, and ownership of those works identified by ACT in its Complaint." (Dkt. 40 at p. 8; *see* Dkt. 40-2, RFP Nos. 3, 5, 8-10, 12, 15, 17, 18, 21-23, 25, 28, 30, 31, 34-36, 38, 41, 43 , 44, 47-49, 51, 54, 56, 57, 60-62, 64, 67, 69, 70, 73-75, 77, 80, 82, 83, 86-88, 90, 93, 95, 96, 99-101 , 103, 106, 108, 109, 112-114, 116, 119, 121, 122, 125-127, 129, 132, 134, 135, 138-140, 142, 145, 147, 148, 151-153, 155, 158, 160, 161 , 164-166, 168, 171 , 173, 174, 177-179, 181 , 184, 186, 187, 190-192, 194, 197, 199, 200, 203-205, 207, 210, 212, 213, 216-218, 220, 223, 225, 226, 229-231, 233, 236, 238, 239, 242-244, 246, 249, 251, 252, 255-257, 259, 262, 264, and 265). Similarly, Defendant requested "[a]ll drafts and versions" of Plaintiff's copyrighted works (Dkt. 40 at p. 12; *see* RFP Nos. 5, 18, 31, 44, 57, 70, 83, 96, 109, 122, 135, 148, 174, 187, 200, 213, 226, 239, and 252), and any derivatives thereof (Dkt. 40 at p. 12; *see* RFP Nos. 10, 23, 36, 49, 75, 88, 101, 114, 127, 140, 153, 166, 179, 192, 205, 218, 231, 244, and 257), identified in the Complaint. The Court should sustain Plaintiff's objections to these

Requests because they are irrelevant and disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

> **A.     Defendant's Request Nos. 3, 5, 8-10, 12, 15, 17, 18, 21-23, 25, 28, 30, 31, 34-36, 38, 41 , 43 , 44, 47-49, 51, 54, 56, 57, 60-62, 64, 67, 69, 70, 73-75, 77, 80, 82, 83, 86-88, 90, 93, 95, 96, 99-101, 103, 106, 108, 109, 112-114, 116, 119, 121, 122, 125-127, 129, 132, 134, 135, 138-140, 142, 145, 147, 148, 151-153, 155, 158, 160, 161 , 164-166, 168, 171, 173, 174, 177-179,181, 184, 186, 187, 190-192, 194, 197, 199, 200, 203-205, 207, 210, 212, 213, 216-218, 220, 223, 225, 226, 229-231 , 233, 236, 238, 239, 242-244, 246, 249, 251, 252, 255-257, 259, 262, 264, and 265 Are Irrelevant**

Defendant, as the proponent of this motion to compel, bears the burden of proving the requested documents are relevant. *See First Horizon Nat'l Corp. v. Hous. Cas. Co.*, No. 2:15-cv-2235-SHL-dkv, 2016 U.S. Dist. LEXIS 142330, at *14 (W.D. Tenn. Oct. 5, 2016) ("If an objection to the relevance of the sought discovery is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action.") (internal quotations omitted); *U.S. v. Carell*, No. 3:09-0445, 2011 WL 2078023, at *2 (M.D. Tenn. May 26, 2011) (same); *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05–cv–273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (same). Defendant has not met this burden.

In applying the discovery standard, "parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Lemanik v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 608 (S.D.N.Y. 1989) (quoting *In re Surety Ass'n of America,* 388 F.2d 412, 414 (2d Cir. 1967) (discovery denied where information sought was not "demonstrably relevant" to any issue in the case). Indeed, the Federal Rules explicitly limit the scope of discovery to:

> nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Here, Defendant has made no allegation that would make the requested documents relevant. Defendant's theory of the case, as stated for the first time in its motion, is that ACT's

WorkKeys systems is not an original work of authorship, but rather is a "direct copy" or "directly mirrors" the educational standards established by O*NET. (Dkt. 40 at p. 2.) The O*NET standards are publicly available and Plaintiff has produced its copyright registered works with bates numbers ACT0011843-ACT0012307. (Parsafar Decl. ¶ 4.) WIN fails to explain why it needs all documents "pertaining to the creation, development, and ownership of those works identified by ACT in its Complaint," including all previous versions and drafts of the works, in order to determine whether ACT's copyrighted work is a "direct copy" or "directly mirrors" the publicly available O*NET standards. Such documents are simply not relevant and therefore not discoverable. The Court should sustain ACT's objections to Request Nos. 3, 5, 8-10, 12, 15, 17, 18, 21-23, 25, 28, 30, 31 , 34-36, 38, 41 , 43 , 44, 47-49, 51 , 54, 56, 57, 60-62, 64, 67, 69, 70, 73-75, 77, 80, 82, 83, 86-88, 90, 93, 95, 96, 99-101 , 103, 106, 108, 109, 112-114, 116, 119, 121 , 122, 125-127, 129, 132, 134, 135, 138-140, 142, 145, 147, 148, 151-153, 155, 158, 160, 161 , 164-166, 168, 171 , 173, 174, 177-179, 181 , 184, 186, 187, 190-192, 194, 197, 199, 200, 203-205, 207, 210, 212, 213, 216-218, 220, 223, 225, 226, 229-231 , 233, 236, 238, 239, 242-244, 246, 249, 251 , 252, 255-257, 259, 262, 264, and 265.

**B.     Defendant's Requests Are Not Proportional to the Needs of the Case**

Even if the Court finds that these documents might be marginally relevant, they are not discoverable because they are not "proportional to the needs of the case" and "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant's request encompasses 60 years' worth of work, drafts, communications, and any and all related material by both Plaintiff and any third party. This material is ACT's extremely sensitive proprietary information. Defendant fails to show that such broad requests for this highly sensitive information are proportional to the purported need of this case as alleged by Defendant - determining whether the copyrighted works "directly mirrors, and/or constitutes a direct copy of, the educational standards established by O*NET." (*See* Dkt. 40 at p. 2.) Defendant simply has not made any allegations relevant to its claims or defenses that would justify searching for and handing over such a large volume of proprietary research and development material to a

SMRH:488802064                                 -8-

Case 3:18-cv-00186-TRM-HBG   Document 42   Filed 12/28/18   Page 8 of 12   PageID #: 1713

competitor. To the contrary, Defendant's "requests are breathtakingly broad, burdensome, and intrusive; far exceeding the scope of relevant and proportional discovery." *Raub v. Moon Lake Prop. Owners Ass'n*, No. 15-13480, 2016 U.S. Dist. LEXIS 148812, at *8–9 (E.D. Mich. Oct. 27, 2016) (affirming magistrate's denial of discovery). The Court should sustain Plaintiff's objections. *See* Manual for Complex Litigation § 11.443, at 75 ("In overseeing document production, the court should . . . prevent indiscriminate, overly broad, or unduly burdensome demands . . . such as those for 'all documents relating or referring to' a . . . claim . . . ."); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008) (court held that party's "kitchen sink" discovery request was overbroad).

In short, the additional documents requested by Defendant are irrelevant. Moreover, the burden, expense and intrusiveness of the discovery sought by Defendant clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence. Defendant's motion as to these documents must be denied.

### III. PLAINTIFF HAS PRODUCED DOCUMENTS SUFFICIENT TO SUPPORT PLAINTIFF'S CLAIM THAT ITS NCRC IS ENDORSED BY THE AMERICAN COUNCIL ON EDUCATION, AS REQUESTED IN RFP NO. 4

Defendant's Request No. 4 seeks: "All communications between ACT and the American Council on Education." (Dkt. 40 at 11 (citing Dkt. 40-1, RFP No. 4.).) Defendant alleges: "ACT refused to produce *any documents whatsoever* that are responsive to this request." (*Id.*) That is not true.

Plaintiff's National Career Readiness Certificate ("NCRC") is the nation's most recognized work readiness credential, recommended by thousands of employers. (Dkt. 1 at ¶ 12.) Plaintiff's WorkKeys assessments comprise the basis for the NCRC. (*Id.*) In the background section of the Complaint, Plaintiff states that "The ACT NCRC is [] recommended for college credit by the American Council on Education (ACE)." (*Id.*) This is merely a background fact that explains Plaintiff's history and presence in the industry.

Defendant seeks "all communications between ACT and the American Council on Education." (Dkt. 40 at p. 11.) Defendant's request is overbroad, and seeks competitive

intelligence. Providing Defendant access to ACE materials will allow Defendant to gain yet another unfair and undue advantage over Plaintiff. Defendant must do its own work and stop cheating off of Plaintiff. Seeking all communications with ACE is another example of Defendant's improper approach to discovery. Plaintiff produced the report from ACE that proves that the ACT NCRC is recommended for college credit by ACE, with bates number ACT0012308 - ACT0012321. (Parsafar Decl. ¶ 3.) There is no basis to demand anything further.

"Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery is properly denied where, as here, the requested documents encompass much more than is required to achieve a party's stated purpose in the request. *See Regan-Touhy*, 526 F.3d at 649 (denying discovery requests "encompassing much information irrelevant to that stated purpose"); *Raub*, 2016 U.S. Dist. LEXIS 148812, at *9 (affirming magistrate's denial of discovery where requests were "broad, burdensome, and intrusive; far exceeding the scope of relevant and proportional discovery"); *Lemanik*, 125 F.R.D. at 608 (S.D.N.Y. 1989) (discovery denied where information sought was not "demonstrably relevant to any issue in the case").

Defendant's motion as to its Request For Production No. 4 should be denied.

## IV. CONCLUSION

Defendant has exerted extremely overbroad and irrelevant discovery requests in its obvious "fishing expedition." Plaintiff asserted proper objections and responses to these requests, and nevertheless produced voluminous responsive documents. Defendant's motion is without any basis in law, and must be denied.

Respectfully submitted, this 28th day of December, 2018.

By: */s/ Laura L. Chapman (Admitted Pro Hac Vice)*
Thomas S. Scott, Jr., BPR #: 001086
Christopher T. Cain, BPR #: 19997
SCOTT & CAIN, PLLC
606 W. Main Street, Suite 222
Knoxville, TN 37902
(865) 525-2150
scott@scottandcain.com
cain@scottandcain.com

Laura L. Chapman, Esq. (*Admitted Pro Hac Vice*)
Yasamin Parsafar, Esq. (*Admitted Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
lchapman@shapprdmullin.com
yparsafar@sheppardmullin.com

Attorneys for Plaintiff and Counter-Defendant, ACT, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2018, a true and correct copy of the foregoing **PLAINTIFF ACT, INC'S OPPOSITION TO DEFENDANT WORLDWIDE INTERACTIVE NETWORK, INC'S MOTION TO COMPEL DISCOVERY** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Laura L. Chapman (Admitted Pro Hac Vice)*
Laura L. Chapman