IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| ACT, INC., )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>WORLDWIDE INTERACTIVE NETWORK, )<br>INC., and TERESA CHASTEEN, )<br>)<br>  Defendants. ) | Case No.: 3:18-cv-00186-TRM-HBG |

**DEFENDANT WORLDWIDE INTERACTIVE NETWORK, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL
DE-DESIGNATION OF PLAINTIFF'S IMPROPERLY DESIGNATED EXPERT
REPORT OF DAVID NOLTE AND AMENDED EXPERT REPORT OF DAVID NOLTE**

Comes now Defendant Worldwide Interactive Network, Inc. ("WIN"), by and through counsel, and pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and the Protective Order entered in this case (Doc. 34, ¶ 8), submits this Memorandum of Law in Support of its Motion to Compel De-Designation of Plaintiff's Improperly Designated Expert Report of David Nolte and Amended Expert Report of David Nolte. For the reasons stated herein, WIN's Motion should be granted and the Nolte Expert Reports should be re-designated as "Confidential."

## I.   INTRODUCTION

Plaintiff ACT, Inc. ("Plaintiff" or "ACT") believes that it can rely on two expert witness reports marked as "Highly Confidential/Attorneys' Eyes Only" to establish its alleged damages against WIN without ever having to disclose the reports, their contents, or their findings to WIN. ACT is mistaken. ACT made a purposeful decision to institute this lawsuit against WIN and to place its profits and WIN's profits at issue and must now bear the consequences of that decision. ACT cannot allege that it suffered monetary damages as a result of WIN's alleged conduct and

simultaneously refuse to show WIN the evidence it intends to use to support its alleged damages. Prohibiting WIN from viewing and analyzing the Nolte Expert Reports and conferring with its counsel regarding the same impedes WIN's right to a just and fair trial.

## II. FACTUAL BACKGROUND

The Protective Order governing the exchange of documents and information in this matter provides for two (2) designations: "Confidential" and "Highly Confidential/Attorneys' Eyes Only." (Doc. 34, ¶ 2). "Confidential" documents include:

> [C]onfidential research, development, financial or commercial information which is not publically known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G).

(*Id*.). "Highly Confidential/Attorneys' Eyes Only" documents include:

> [T]rade secrets or other extremely sensitive and confidential research, development, financial or other commercial information, the disclosure of which would create substantial risk of serious harm that could not be avoided by less restrictive means.

(*Id*.).

"Confidential" documents may be viewed by "attorneys of record for the parties … current officers, directors, or employees of the parties to the extent reasonably necessary to allow them to assist attorneys of record in this case … [and] the Court and Court personnel," among others. (*Id.,* ¶10). "Highly Confidential/Attorneys' Eyes Only" documents, on the other hand, may be viewed only by "attorneys of record for the parties in this action and their staff members … experts retained or specifically employed by a party to provide expert testimony in the case … and the Court and Court personnel." (*Id*., ¶ 12). The Protective Order specifically states that "Items designated as "Highly Confidential/Attorneys' Eyes Only" may not be disclosed to the parties." (*Id*.).

2

On May 20, 2019, WIN received a copy of ACT's expert report on damages entitled Expert Report of David Nolte ("Expert "Report"). The Expert Report was designated as "Highly Confidential/Attorneys' Eyes Only," meaning counsel for WIN could not share or discuss the Report or its contents with WIN. On May 21, 2019, counsel for WIN sent counsel for ACT an email requesting that ACT remove the "Highly Confidential/Attorneys' Eyes Only" designation from the Expert Report and redact any highly confidential information so that counsel could share the Expert Report with WIN and discuss strategic options for responding to the same. (*See* **Exhibit 1**). Counsel for ACT responded via email on May 22, 2019 and informed counsel for WIN that it would not remove the "Highly Confidential/Attorneys' Eyes Only" designation, stating, "We need to retain the highly confidential designation for the Nolte report." (*See* **Exhibit 2**).

Counsel for WIN subsequently received from ACT an amended expert report on damages entitled Amended Report of David Nolte on May 29, 2019 ("Amended Expert Report") ("Expert Report" together with "Amended Expert Report" collectively referred to as "Nolte Expert Reports"). The Amended Expert Report was also designated as "Highly Confidential/Attorneys' Eyes Only." Counsel for WIN contacted counsel for ACT via email on July 31, 2019 and again requested that ACT remove the "Highly Confidential/Attorneys' Eyes Only" designation from the Nolte Expert Reports. (*See* **Exhibit 3**). Counsel for WIN stated in his email:

> In accordance with the Protective Order, I would request that you reconsider the designation of Mr. Nolte's Report as "Attorney's Eyes Only." I do not believe that this is an appropriate designation for the Report, and I do not understand how that designation can ever be maintained, if he is going to testify as to damages at trial. We are certainly hamstrung by not being able to consult with our client concerning his report.

(*Id*.). Counsel for ACT responded via email the following day on August 1, 2019 and stated, "We are not willing to de-designate the Nolte report." (*See* **Exhibit 4**).

As set forth above, WIN has complied with its obligations under the Protective Order to request in writing that ACT de-designate the Nolte Expert Reports as "Highly Confidential/Attorneys' Eyes Only." ACT responded to WIN's written requests within fourteen (14) days, twice confirming that it will not remove the designation. Accordingly, WIN now asks this Court to compel the de-designation of the Nolte Expert Reports for the reasons set forth herein and in WIN's Motion.

### III. LEGAL ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure governs expert witness disclosures and is intended to enable the parties to adequately prepare for trial and to ensure a fair contest. *See Thibeault v. Square D Co.,* 960 F.2d 239, 244 (1st Cir.1992) (The rule is intended to facilitate a "fair contest with the basic issues and facts disclosed to the fullest practical extent."); *Garrison v. Sam's E., Inc.,* No. 1:16-CV-00152-GNS, 2018 WL 6566546, at *3 (W.D. Ky. May 24, 2018) ("The purpose of Rule 26 disclosures of witnesses, both fact witness and expert witnesses, is to enable the parties to adequately prepare for trial."); *In re John Richards Homes Bldg. Co., L.L.C.*, 312 B.R. 849, 863 (E.D. Mich. 2004), aff'd, 439 F.3d 248 (6th Cir. 2006) ("The purpose of Rule 26(a)(2) is to require disclosure of expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."); *United States v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016) ("[t]he purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise.") By designating its expert reports on damages as "Highly Confidential/Attorneys' Eyes Only," ACT has created an unfair contest where WIN is forced to blindly defend against ACT's alleged claims and is prohibited from consulting with its attorney on the fundamental issue of damages. ACT's refusal to disclose the Nolte Expert

4

Reports to WIN directly contravenes the purpose and intent of the expert disclosure requirements and leaves WIN with no way to adequately prepare for the trial of this matter.

As a practical matter, it is impossible to imagine how Dr. Nolte's testimony can be received at trial if his Expert Reports are designated as "Highly Confidential/Attorneys' Eyes Only." WIN is entitled to be present in the courtroom during the trial of this matter and to confer with its counsel regarding all aspects of litigation, including potential damages that could be awarded against it. ACT's improper designation of the Nolte Expert Reports is unduly prejudicial to WIN and impedes WIN's fundamental right to a just and fair trial. How can WIN meaningfully discuss defense strategies with its counsel if it does not know the damages ACT claims to have suffered or the evidence ACT intends to rely upon at trial to establish its alleged damages? How can WIN's counsel prepare a rebuttal to the Nolte Expert Reports if it cannot discuss the Reports with WIN? Permitting ACT to designate the Nolte Expert Reports as "Highly Confidential/Attorneys' Eyes Only" unfairly hinders WIN's ability to defend against ACT's claims.

In addition to impeding the fundamental principles of fairness and justice, ACT's improper designation prohibits WIN from responding to express allegations made by ACT's counsel regarding the accuracy of WIN's financial information relied upon by Mr. Nolte in his Expert Reports. The Nolte Expert Reports contain a calculation of alleged damages based, in part, on the disgorgement of WIN's profits, which required Mr. Nolte to review and analyze WIN's financial information. ACT's counsel expressly stated in <u>open court</u> at the July 8, 2019 hearing that Mr. Nolte believes WIN's document production – including the financial information provided by WIN and relied upon by Mr. Nolte in his Expert Reports – is faulty and inaccurate. Specifically, counsel for ACT expressly stated:

5

> [T]he revenue summaries that [WIN] did produce were reviewed by our expert who determined that they were insufficient and inaccurate. And that is in the expert report, which I have brought along, if you would like to see a copy of it.

(*See* relevant portion of transcript from July 8, 2019 hearing attached hereto as **Exhibit 5**). Counsel for ACT then proceeded to quote from the Amended Expert Report in open court, stating:

> So under Section A, Fulcrum has reason to believe that the documents available to Fulcrum and, hence, the amounts contained in the above heading and tables within the section are incomplete … The uncertainty regarding the completeness of WIN's records and productions is made worse by WIN providing its accounting software QuickBooks file that would likely clarify the uncertainties but refusing to provide the password for this file that would allow its actual use. This failure to provide this relevant cotemporaneous accounting file also affects WIN's cost analysis, which is discussed in Section 2(b).

(*Id.*).

As evidenced by the above transcript, Mr. Nolte has stated that the WIN financial documents he reviewed for his Expert Reports are incomplete or inaccurate. Who better to answer any questions and resolve any disputes regarding the accuracy and completeness of WIN's documents than WIN? Mr. Nolte even acknowledges that he believes WIN could "clarify" the uncertainties regarding its financial documents (*Id.*), but how can WIN do so without seeing the documents and how they were used in the Expert Reports?

Simply put, WIN cannot defend against ACT's open court allegation that the WIN information relied upon by Mr. Nolte in his Expert Reports is "incomplete" if WIN cannot review the Report and supporting information itself. Because ACT has placed the accuracy and reliability of the WIN information used in the Nolte Expert Reports at issue and has quoted directly from the Report in open court, WIN is entitled to examine the Reports so it can explain or rebut Mr. Nolte's allegations that the WIN information relied upon in the Report is inaccurate.

6

4373945.2
Case 3:18-cv-00186-TRM-HBG   Document 158   Filed 08/12/19   Page 6 of 10   PageID #: 13132

Furthermore, because ACT is seeking disgorgement of WIN's profits, the majority of the information relied upon by Mr. Nolte in reaching his damages calculation is WIN's own financial information; information that ACT has no privacy interest in. The remaining information relied upon by Mr. Nolte in his Expert Reports includes profits and revenues of ACT, which ACT chose to put at issue. ACT made an informed and strategic decision regarding how it wants to prove its damages at trial and intentionally chose to include its own profits and revenues in its damages calculation. When a plaintiff chooses to place its own protected information at issue when pursuing claims against a defendant, the plaintiff must bear the consequences of its actions, including disclosing its protected information to the defendant, even where the defendant is a competitor. *See Vision Ctr. Nw. Inc. v. Vision Value LLC*, No. 3:07-CV-183 RLM, 2008 WL 11413540, at *2 (N.D. Ind. July 1, 2008) (holding that plaintiff in infringement case could not designate expert damages reports as "Attorneys' Eyes Only" and recognizing that the defendant's interest in being able to examine the evidence that will be used against it to establish alleged damages is stronger than the plaintiff's interest in maintaining the confidentiality of its alleged protected information).

In *Vision Ctr. Nw. Inc. v. Vision Value LLC,* the plaintiff brought an action against the defendant alleging trademark infringement and unfair competition under the Lanham Act. *Id*. at *1. The plaintiff retained an expert witness to compile a report on the plaintiff's alleged damages. *Id*. The plaintiff designated the expert report as "Attorneys' Eyes Only," and the defendant subsequently filed a motion opposing the designation. *Id*. In response, the Plaintiff agreed to produce a redacted report in which only certain portions of the report were identified as "Attorneys' Eyes Only." *Id*. The plaintiff argued that certain financial information of the company's, including the dollar amount spent on advertising, gross sales information, and

7

4373945.2
Case 3:18-cv-00186-TRM-HBG   Document 158   Filed 08/12/19   Page 7 of 10   PageID #: 13133

executive salary information, should not be disclosed to the defendant, a direct competitor of the plaintiff. *Id.* Specifically, the plaintiff argued that if it disclosed to the defendant the amount of money it spent on marketing and which marketing mediums it used, the defendant could utilize that information to gain an unfair competitive advantage. *Id*. at *2.

The defendant disagreed and argued that the entire report must be de-designated because "if only its counsel may see portions of the report, then it is practically useless." *Id*. at *2. Specifically, the defendant argued that the financial information the plaintiff relied up directly figured into the plaintiff's alleged damages calculations and, more importantly, that the defendant could not analyze the alleged damages report and argue why the calculations were erroneous if it could not see the full report. *Id*. While the court acknowledged that the plaintiff had an interest in protecting its sensitive financial information, the court found that the defendant had a stronger interest in seeing the expert report and ordered the expert report to be re-designated as "confidential." In reaching its decision, the court explained:

> This Court agrees with the [p]laintiff that some of the information in the report is sensitive, particularly figures that relate to its advertising expenditures. *However, the [d]efendant has a stronger interest in being able to examine the evidence that will be used against it to establish damages. Even though the [p]laintiff and the [d]efendant are competitors in the same market, [p]laintiff made a conscious choice to institute this lawsuit against [d]efendant. That choice bears consequences, such as allowing the [d]efendant to see normally sensitive information that [p]laintiff plans to use to establish damages. Simply put, [p]laintiff cannot simultaneously assert it suffered damages because of trademark infringement based on certain monetary figures, and nevertheless seek to foreclose the party from who it asserts damages to view and analyze those figures.* Consequently, the [p]laintiff's designation of "attorney eyes only" is ORDERED to be removed.

*Id*. (emphasis added).

Thus, as the court found in *Vision Value*, even if ACT has a privacy interest in some of the information relied upon in the Nolte Expert Reports, that interest is trumped by WIN's interest in being able to review and analyze the damages evidence ACT intends to use against it and to discuss the same with its counsel. WIN's interest in reviewing the Nolte Expert Reports is even stronger based on counsel for ACT's conduct at the July 8, 2019 hearing, which included quoting directly from portions of the Amended Expert Report and expressing Mr. Nolte's belief that the information relied upon in the Reports is inaccurate and incomplete. ACT has chosen to file this meritless action against WIN and to allege damages based on both WIN's and ACT's profits and revenues, and ACT must now face the consequences, including disclosing otherwise protected information to WIN in order to permit WIN to defend against ACT's damages claims. Accordingly, the Nolte Expert Reports should be re-designated as "Confidential" in order to adequately protect the interests of both parties and to ensure a just and fair proceeding.

## IV. CONCLUSION

ACT cannot prohibit WIN from viewing and analyzing the Nolte Expert Reports and discussing the contents and findings of the Reports with its counsel where ACT has relied upon the Reports to establish damages and has questioned the accuracy and reliability of the WIN information relied upon in the Reports in open court. Any interest ACT has is designating the Nolte Expert Reports as "Highly Confidential/Attorneys' Eyes Only" is outweighed by WIN's interest in viewing the Reports and consulting with its counsel regarding the same. Accordingly, WIN respectfully requests that this Court grant its Motion to Compel De-Designation of Plaintiff's Improperly designated Expert Report of David Nolte and Amended Expert Report of David Nolte and compel ACT to re-designate the Nolte Expert Reports as "Confidential."

Respectfully submitted this 12th, day of August, 2019.

    s/ W. Kyle Carpenter _____
W. Kyle Carpenter, BPR #005332
J. Chadwick Hatmaker, BPR #018693
WOOLF, McCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC
P.O. Box 900
Knoxville, TN 37901-0900
Telephone: (865) 215-1000
Facsimile: (865) 215-1001
Email: kcarpenter@wmbac.com
Email: chatmaker@wmbac.com

Jacob G. Horton, TN State Bar No. 025467
Robert E. Pitts, BPR 001610
Raymond E. Stephens, BPR #015037
PITTS & LAKE, P.C.
P.O. Box 51295
Knoxville, TN 37950-1295
Telephone: (865) 584-0105
Facsimile: (865) 584-01040
Email: jhorton@pittslake.com
Email: rpitts@pittlake.com
Email: rstephens@pittslake.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    s/ W. Kyle Carpenter _____
W. Kyle Carpenter, BPR #005332
J. Chadwick Hatmaker, BPR #018693
WOOLF, McCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC
P.O. Box 900
Knoxville, TN 37901-0900
Telephone: (865) 215-1000
Facsimile: (865) 215-1001
Email: kcarpenter@wmbac.com
Email: chatmaker@wmbac.com