# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

```
_____
                            )
ACT, INC.,                  )
                            )
          Plaintiff,        )
                            )
vs.                         )   Case No.:  3:18-CV-186
                            )
WORLDWIDE INTERACTIVE NETWORK, )
INC.,                       )
                            )
          Defendant.        )
_____)
```

**MOTION PROCEEDINGS**
**BEFORE THE HONORABLE H. BRUCE GUYTON**

**July 8, 2019**
**10:03 a.m. to 10:49 a.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**          YASAMIN PARSAFAR, ESQUIRE
                                Sheppard, Mullin, Richter & Hampton
                                Four Embarcadero Center
                                17th Floor
                                San Francisco, California 94111

                                THOMAS S. SCOTT, JR., ESQUIRE
                                Scott & Cain
                                550 West Main Street
                                Suite 601
                                Knoxville, Tennessee 37902

**FOR THE DEFENDANT:**          W. KYLE CARPENTER, ESQUIRE
                                J. CHADWICK HATMAKER, ESQUIRE
                                Woolf, McClane, Bright,
                                Allen & Carpenter
                                900 South Gay Street
                                Suite 900
                                Knoxville, Tennessee 37902

(Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.)

**REPORTED BY:**
Rebekah M. Lockwood, RMR, CRR
Official Court Reporter
(865) 210-6698
P.O. Box 1823
Knoxville, Tennessee 37901-1823

**APPEARANCES (CONTINUED):**

**FOR THE DEFENDANT:**        ROBERT E. PITTS, ESQUIRE
                                    JACOB G. HORTON, ESQUIRE
                                    RAYMOND E. STEPHENS, ESQUIRE
                                    Pitts & Lake PC
                                    1319 Old Weisgarber Road
                                    Knoxville, Tennessee 37909

1       Would you like to do one issue at a time, or should I

2   keep going?

3           THE COURT:  Well, I guess my question is, if you have

4   an outstanding request on every interrogatory 1 through 19 for

5   a supplement?

6           MS. PARSAFAR:  Yes, Your Honor.

7           THE COURT:  All right.  Okay.  So your position is

8   all the same?

9           MS. PARSAFAR:  Yes.

10          THE COURT:  Okay.  What's next?

11          MS. PARSAFAR:  The next issue is, the Court's May 17

12  order states that defendant represents that it produced

13  detailed summaries of its assessment revenues from its business

14  dealings in multiple states and that it will also produce

15  summaries of cost information once said summaries has been

16  created.  Once plaintiff has received these documents, if it is

17  unsatisfied, it may contact the court to set a hearing.

18          That is the second issue.  First, this order came out

19  two months ago.  We have not received the cost summaries.

20  Second, the revenue summaries that they did produce were

21  reviewed by our expert who determined that they were

22  insufficient and inaccurate.  And that is in the expert report,

23  which I have brought along, if you would like to see a copy of

24  it.

25          May I approach?

UNITED STATES DISTRICT COURT

1        THE COURT:  Yes.

2        MS. PARSAFAR:  If you turn to Page 4.  At the top

3   left, it says Page 4 of 14.  It says Fulcrum, which is our

4   expert witness on damages, has reason to believe that the

5   documents available to --

6        THE COURT:  Hold on, hold on.  Let me catch up with

7   you.  Okay.  I'm with you.  Go ahead.

8        MS. PARSAFAR:  So under Section A, Fulcrum has reason

9   to believe that the documents available to Fulcrum and, hence,

10  the amounts contained in the above heading and tables within

11  the section are incomplete.  Fulcrum identified multiple

12  invoices that were not included in the WIN prepared summaries.

13  See Exhibit 1 for a summary of such identified concerns based

14  on WIN invoices.  The uncertainty regarding the completeness of

15  WIN's records and productions is made worse by WIN providing

16  its accounting software QuickBooks file that would likely

17  clarify the uncertainties but refusing to provide the password

18  for this file that would allow its actual use.  This failure to

19  provide this relevant contemporaneous accounting file also

20  affects WIN's cost analysis, which is discussed in

21  Section 2(b).

22        Now, Your Honor ordered that WIN would not have to

23  produce the QuickBooks file which would allow our expert to

24  obtain the information that he needs because WIN represented

25  that it has passwords and links to live bank accounts.  Those

UNITED STATES DISTRICT COURT

1   issues would be covered under the protective order in this case

2   if WIN were to designate it highly confidential.  But if

3   there's some reason not to trust the law firm, what WIN could

4   do, which we propose, is provide versions of those QuickBooks

5   files with the links and passwords redacted, so that our expert

6   could have the information they need to fully analyze WIN's

7   revenues and also costs.  We still have not received the cost

8   summaries, which our expert also noted in his report, at the

9   top left, Page 3 of 14.

10          The bottom of the page says WIN should not be allowed

11  to deduct any costs from the disgorged revenues because WIN

12  failed to produce contemporaneous accounting records to

13  substantiate its costs.

14          Again, Your Honor's order came out on May 17th for

15  WIN to produce its costs summaries.  It's been two months.  We

16  have not received them.  And according to our expert who has

17  reviewed many documents and invoices that we provided from WIN,

18  their summaries are simply not accurate.

19          Can I continue?

20          THE COURT:  Yes.

21          MS. PARSAFAR:  The third issue, Your Honor, is that

22  your May 17 order required WIN to supplement its responses to

23  our second set of interrogatories and our second and third set

24  of RFPs.  And the order said that WIN should respond by

25  identifying responsive documents by Bates number.

UNITED STATES DISTRICT COURT

1                    **CERTIFICATE OF REPORTER**

2    STATE OF TENNESSEE

3    COUNTY OF KNOX

4             I, Rebekah M. Lockwood, RMR, CRR, do hereby certify

5    that I was authorized to and did stenographically report the

6    foregoing proceedings; and that the foregoing pages constitute

7    a true and complete computer-aided transcription of my original

8    stenographic notes to the best of my knowledge, skill, and

9    ability.

10        I further certify that I am not a relative, employee,

11   attorney, or counsel of any of the parties, nor am I a relative

12   or employee of any of the parties' attorneys or counsel

13   connected with the action, nor am I financially interested in

14   the action.

15        IN WITNESS WHEREOF, I have hereunto set my hand at

16   Knoxville, Knox County, Tennessee this 12th day of July, 2019.

17

18

19

20                           _____
                             REBEKAH M. LOCKWOOD, RPR, CRR
21                           Official Court Reporter
                             United States District Court
22                           Eastern District of Tennessee

23

24

25