IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ACT, INC., | |
| Plaintiff and Counter-Defendant, | Case No. 3:18-cv-00186-TRM-HBG |
| v. | |
| WORLDWIDE INTERACTIVE NETWORK, INC. and Teresa Chasteen, | |
| Defendants and Counter-Claimants. | JURY TRIAL DEMANDED |

## PLAINTIFF AND COUNTER-DEFENDANT ACT, INC.'S OPPOSITION TO MOTION TO DE-DESIGNATE

WIN's motion seeks to de-designate extremely sensitive cost and confidential profit margin information of ACT. This information should remain Highly Confidential – Attorney's Eyes Only because its disclosure would create substantial risk of serious harm that cannot be avoided by less restrictive means.

### A. There Is No Dispute Here

In Exhibit 1 to WIN's motion to de-designate the Nolte report, (Dkt. 158) is an email from counsel for WIN to counsel for ACT. That email states that WIN will agree to work with a redacted version of the report, with the highly confidential information omitted. (Dkt. 151-1). Counsel for ACT invited counsel for WIN to provide a redacted report. (Exhibit D hereto). WIN did not do so. Counsel for ACT will provide to counsel for WIN a redacted version of the Nolte report after ACT

files its motions for summary judgment on August 27, 2019. Counsel for ACT anticipates that it can provide this redacted report the first week of September.

### B. ACT Will Be Harmed By Downgrading the Confidentiality Designation

WIN is a competitor of ACT. WIN admitted copying work product of ACT that WIN used to obtain a contract with ACT's former customer, the State of South Carolina. ACT contends the work product that WIN copied is the subject of valid and enforceable copyright registrations. ACT further contends in this action that WIN made false statements to South Carolina about its career ready test.

ACT recently discovered that, in its effort to vie for the South Carolina contract, WIN presented false qualifications to provide the "career ready test" that South Carolina asked for in a Request for Proposal ("RFP"). Specifically, WIN's response to the South Carolina RFP states: "Teresa [Chasteen, WIN's CEO] has a Ph.D. in curriculum and instruction psychology…" (Exhibit A hereto at p. 30). WIN's RFP response includes Ms. Chasteen's resume, which states: "Education": "University of Tennessee – 1985 Doctorate in Curriculum & Instruction, Psychology; 1982 Master of Science in Education; 1981 Bachelor of Science in Education Employment." (*Id*. at p. 46) But contrary to the statement in the RFP response and the "resume" WIN submitted in that response, Ms. Chasteen does not have a Ph.D. in curriculum and instruction psychology. Nor did she earn any Doctorate at all from the University of Tennessee. (Deposition of Teresa Chasteen at 12:20-23:4; Ex. B hereto).

WIN falsified its qualifications on the RFP response despite having been warned by the State of South Carolina in the RFP that it issued that knowingly submitting false statements in an RFP response is a crime under South Carolina law. (Ex. C at p . 39). WIN made the false statements in an effort to unfairly compete for the South Carolina contract. The parties competed for the South Carolina "career ready test" contract; both submitted written proposals in response

to the South Carolina RFP.  (WIN's Original Answer and Counterclaim, Dkt. 19 and Amended Answer and Counterclaims, Dkt. 120 at ¶ 183).

By copying ACT's work product and falsifying its qualifications, WIN was able to undercut ACT's pricing.  WIN should absolutely not be permitted to see ACT's financial, pricing, cost and profit information.  A party's cost and profit information is routinely held as Highly Confidential - Attorney's Eyes Only, especially in matters between competitors.  In general, courts utilize "attorneys' eyes only" protective orders when especially sensitive information is at issue or the information is to be provided to a competitor.  *See e.g., Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Bottling Group, L.L.C.,* No. 07-2315-JAR, 2008 WL 234326, at *4 (D. Kan. Jan. 28, 2008) (ordering financial information to be designated as "Highly Confidential-Attorneys' Eyes Only" for discovery between competitors); *U.S. ex rel. Daugherty v. Bostwick Labs.*, No. 1:08-cv-354, 2013 WL 3270355, at *6 (S.D. Ohio June 26, 2013) (finding confidential business and financial information subject to AEO protection as moving party "ha[d] made 'a specific showing of competitive harm' that is likely should its confidential pricing information be shared with . . . a direct competitor"); *Momentive Specialty Chemicals, Inc. v. Alexander*, No. 2:13-cv-275, 2013 WL 2287091, at *4 (S.D. Ohio May 23, 2013) (it is typical that documents containing "competitively sensitive information be restricted, at least in the first instance, to attorneys and not be shared with parties who work for or might share information with the producing party's competitors."); *Layne Christensen Co. v. Purolite Co*., 271 F.R.D. 240, 246 (D. Kan. 2010) (attorneys' eyes only designation "is usually reserved for more sensitive information, such as trade secret information, future product plans, competitive pricing, customer lists, or competitive business financial information"); *A/R Roofing, L.L.C. v. CertainTeed Corp*., No. 05-1158-WEB, 2005 WL 6794228, at *3 (D. Kan. Dec. 5, 2005) (granting "request to designate certain 'highly sensitive' pricing information as attorney-eyes only'" because it would place one party at a disadvantage in the

marketplace); *Avocent Redmond Corp. v. Rose Elecs., Inc.,* 242 F.R.D. 574, 576 (W.D.Wash.2007) (ordering "attorneys eyes only" designation for financial and proprietary information produced between competitors); *Gaymar Indus., Inc. v. Cloud Nine, LLC,* No. 1:06 CV 62 TC, 2007 WL 582948, at *3-4 (D. Utah Feb. 20, 2007) (ordering "Confidential-Attorneys' Eyes Only" designation for technical and financial information discovery between competitors); *Blanchard and Co., Inc. v. Barrick Gold Corp.,* No. 02-3721, 2004 WL 737485, at *2, 15 (E.D. La. Apr. 5, 2004) (applying "Highly Confidential," i.e. "outside experts and attorney's eyes only" designation to confidential and proprietary commercial information produced to a competitor); *Covelo Clothing, Inc. v. Atlandia Imports, Inc*., No. 07-cv-02403-MSK-MEH, 2007 WL 4287731, at *1 (D. Colo. Dec. 5, 2007) ("[w]ith regard to an attorney's-eyes-only provision, confidential information that may be used against the company by a direct competitor is generally afforded more protection.").

As shown above, courts routinely uphold a "highly confidential – attorneys' eyes only" designation of financial information in cases involving competitors. This is not a routine case. This is a case in which Defendants WIN and Chasteen, after being told that making false statements in the South Carolina RFP response is a crime, made them anyway. This is intentional wrongdoing and indicative of the lengths WIN has shown it will go to unfairly compete. WIN should not have access to ACT's financial information.

WIN cites only one case in an effort to support its position, *Vision Ctr. Nw. Inc. v. Vision Value LLC*, No. 3:07-CV-183 RLM, 2008 WL 11413540, at *2 (N.D. Ind. July 1, 2008). That case involved claims of trademark infringement. There was no allegation in that case of fraud by a competitor or undercutting pricing. The contested information in that case was "the dollar amount spent on advertising, gross sales information, and executive salary information." (WIN's motion, Dkt. 158, p. 8). In that case, the court noted that "[t]o determine if there is good cause to maintain the Plaintiff's report, or potions of the Plaintiff's report, as attorney eyes only, this Court must

SMRH:4827-3821-9169.1 -4-
Case 3:18-cv-00186-TRM-HBG Document 171 Filed 08/26/19 Page 4 of 7 PageID #: 13478

balance the harm to the party seeking protection from disclosure and the importance of disclosure." *Id.* Here, the information at issue is ACT's pricing, cost and profit margins. The harm to ACT from permitting WIN to see this information outweighs the importance of disclosure in view of the way in which WIN falsified its qualifications in the RFP response and made other false statements that allowed it to undercut ACT's pricing. WIN should not be permitted to learn ACT's financial information that can be used to engage in further and more damaging acts of unfair competition.

WIN's argument that ACT referred to the existence of the Nolte report and deficiencies with WIN's document production at a court hearing is a red herring. The issue with WIN's document production has been partially resolved. WIN stated it would produce the documents but has not done so. (Hrg. Tr. at p. 30; Ex. E). There's no open issue about what needs to be produced. And this issue has nothing to do with ACT's cost and profit informaiton.

The weight of authority favors ACT's position. WIN's motion should be denied.

C. **Conclusion**

For the foregoing reasons, ACT respectfully requests that this court deny WIN's motion to de-designate ACT's financial, cost and profit information.

Respectfully submitted, this 26th day of August, 2019.

By: */s/ Laura L. Chapman (Admitted Pro Hac Vice)*
Thomas S. Scott, Jr., BPR #: 001086
Christopher T. Cain, BPR #: 19997
SCOTT & CAIN, PLLC
606 W. Main Street, Suite 222
Knoxville, TN 37902
(865) 525-2150
scott@scottandcain.com
cain@scottandcain.com

Laura L. Chapman, Esq. (*Admitted Pro Hac Vice*)
Yasamin Parsafar, Esq. (*Admitted Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
lchapman@shapprdmullin.com
yparsafar@sheppardmullin.com

Attorneys for Plaintiff and Counter-Defendant, ACT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2019, a true and correct copy of the foregoing PLAINTIFF AND COUNTER-DEFENDANT ACT, INC.'S OPPOSITION TO MOTION TO DE-DESIGNATE was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

> */s/ Laura L. Chapman (Admitted Pro Hac Vice)*
> Laura L. Chapman