IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ACT, INC., ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No.: 3:18-cv-00186-TRM-HBG |
| ) | |
| WORLDWIDE INTERACTIVE NETWORK, ) | |
| INC., and TERESA CHASTEEN, ) | |
| ) | |
|     Defendants/Counter-Plaintiffs. ) | |

**DEFENDANT WORLDWIDE INTERACTIVE NETWORK, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO COMPEL DE-DESIGNATION
OF IMPROPERLY DESIGNATED EXPERT REPORT OF DAVID NOLTE AND
AMENDED EXPERT REPORT OF DAVID NOLTE**

## I.    INTRODUCTION

Plaintiff ACT, Inc. ("Plaintiff" or "ACT") asserts that the Expert Report of David Nolte and Amended Expert Report of David Nolte ("Nolte Reports") should remain designated as "Highly Confidential/Attorneys' Eyes Only" because permitting WIN to view the Reports would harm ACT. However, WIN's interest in examining the evidence that will be used against it to establish alleged damages far outweighs ACT's desire to keep its financial information confidential, which is addressed by the Protective Order in place. ACT made a purposeful decision to institute this lawsuit against WIN and to place its financial information and WIN's financial information at issue and must now bear the consequences of that decision. WIN cannot adequately oppose or rebut ACT's alleged damages without reviewing and analyzing the Reports in their entirety and should not be required to blindly defend against ACT's assertions and conclusions regarding its alleged damages. Justice requires that WIN be permitted to review and analyze the Reports and consult with its attorneys regarding the same.

## II.     ARGUMENT

### A.     A Bona Fide Dispute Regarding the Designation of the Nolte Expert Reports Exists and Requires Intervention from the Court

ACT's assertion that there is no bona fide dispute between the parties regarding the designation of the Nolte Reports is inaccurate and blatantly mischaracterizes efforts by WIN's counsel to resolve the dispute without intervention from the Court. In an attempt to resolve the dispute without involving the Court, counsel for WIN proposed the idea of redacting the Reports as a possible option. Contrary to ACT's false assertion, WIN did not agree that redacting the Reports would resolve the issue. Rather, WIN simply agreed to consider the option in an effort to move forward with litigation. The email from WIN's counsel expressly states "Alternatively, we would request that highly confidential information of ACT be redacted so that we can share the remainder of the reports with Teresa. *If this proves unsatisfactory, we may need to address this again in the future*." (Doc. 158-1) (emphasis added). As the plain language of the email shows, WIN did not concede that redacting the Reports would resolve the dispute and has not waived its right to pursue that the Reports be reclassified as Confidential.

After counsel for WIN requested that ACT redact its own highly confidential information so that counsel could share the redacted Reports with Ms. Chasteen, ACT's counsel responded that WIN should redact the Reports and submit proposed redacted versions to ACT's counsel for review. However, ACT, as the party asserting the designation, is in the best position to redact the Reports, as only ACT knows what information it is considering highly confidential and, therefore, in need of being redacted. As such, WIN did not attempt to redact ACT's Expert Reports for ACT. Rather, WIN requested several more times that ACT de-designate the Reports and ACT continued to refuse, prompting WIN to file the present Motion.

2

Now that WIN has expended the time and money to file this Motion, ACT is willing to make an effort to redact the Reports and anticipates that it can provide the redacted Reports to WIN's counsel by the first week of September. (Doc. 171, pp. 1-2). ACT's counsel asked that WIN withdraw this Motion based on its impending promise to provide the redacted Reports. (Doc. 171-4). However, as the emails show, WIN's counsel requested that both ACT's and WIN's financial information contained in the Reports be reclassified as "confidential" so that the entire Reports could be shared with both parties. (Doc. 171-4). ACT's counsel refused to remove the Highly Confidential/Attorneys' Eyes Only designation from its financial information. WIN cannot adequately defend against ACT's alleged damages without being able to view the Reports in their entirety and discuss them with its counsel. As such, a bona fide dispute regarding the designation of the Reports that requires intervention from the Court exists.

### B. WIN's Interest in Reviewing and Analyzing the Nolte Reports Outweighs Any Potential Alleged Harm to ACT

To begin with, WIN denies the factual allegations contained in ACT's Response, including that "WIN admitted copying work product of ACT," "WIN made false statements to South Carolina about its career ready test," and "WIN falsified its qualifications on the RFP response." (Doc. 171, p. 2). ACT asserts that these factual allegations warrant denying WIN access to ACT's financial information, including pricing, cost, and profit information. However, WIN's interest in defending against this meritless lawsuit outweighs ACT's interest in maintaining the confidentiality of its financial information.

First, there is a Protective Order in place in this case that prohibits the parties from using any confidential information obtained during the course of the lawsuit for any purposes other than in furtherance of this litigation. (Doc. 34). So ACT's asserted concern that WIN will use

3

ACT's financial information for any other purpose outside of this litigation has already been adequately addressed.

Second, although attorneys' eyes only provisions may be used to protect financial information in certain circumstances, the balance of interests in this case weighs in favor of disclosure because WIN is entitled to examine the evidence that will be used against it to establish alleged damages. As set forth in WIN's Motion, ACT is basing its alleged damages on ACT's and WIN's financial information. ACT cannot that it suffered monetary damages as a result of WIN's alleged unlawful conduct and simultaneously refuse to show WIN how it calculated its alleged damages or what evidence it intends to use to support them. Without seeing the Reports, WIN cannot dispute or oppose ACT's amount of alleged damages or the method used to calculate its alleged damages and is deprived of its right to confer with its counsel on one of the most fundamental issues of this case. Permitting ACT to allege a significant amount of alleged damages and requiring WIN to blindly defend against ACT's allegation impedes WIN's right to a just and fair trial. *See Core Labs. LP v. AmSpec, LLC*, No. CV 16-00526-CG-N, 2017 WL 6945580, at *1 (S.D. Ala. July 12, 2017), *aff'd Core Labs. LP v. AmSpec*, No. CV 16-0526-CG-N, 2017 WL 3585420, at *2 (S.D. Ala. Aug. 18, 2017) (granting defense counsel's request to compel the plaintiff to remove attorneys' eyes only designation from expert reports on damages where "such designation prejudices their ability to adequately consult with their clients.").

ACT voluntarily filed this lawsuit and chose to place its financial information at issue by alleging damages, so ACT must now face the consequences of its actions. *See Vision Ctr. Nw. Inc. v. Vision Value LLC,* No. 3:07- CV-183 RLM, 2008 WL 11413540, at *2 (N.D. Ind. July 1, 2008) (holding that plaintiff in infringement case could not designate expert damages reports as "Attorneys' Eyes Only" and recognizing that the defendant's interest in being able to examine

4

the evidence that will be used against it to establish alleged damages is stronger than the plaintiff's interest in maintaining the confidentiality of its alleged protected information).

Third, ACT has placed the contents of the Reports in dispute by questioning, in open court, the accuracy and completeness of the WIN information Mr. Nolte used to reach his conclusions in the Reports. Despite ACT's attempt to nonchalantly dismiss this argument as a "red herring," this argument has merit. Is WIN simply supposed to take ACT's word that the document issue has been resolved and that the calculations contained in the Reports are based on accurate documentation? WIN is entitled to review the Reports to see what information was relied upon in the Reports and test the accuracy and validity of both the calculations and information relied upon to perform the calculations.

Moreover, WIN has all the same interests in protecting its own financial information as ACT, yet WIN has agreed to classify WIN's financial information contained in the Reports to "Confidential" because WIN understands that a fair and efficient proceeding will require the parties to view the Reports in their entirety. The main purpose of expert witness disclosures under Rule 26 is to facilitate a "fair contest with the basic issues and facts disclosed." *See Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir.1992). As such, WIN is entitled to review and analyze the Nolte Reports regarding ACT's alleged damages in their entirety.

### III. CONCLUSION

ACT has not shown good cause for designating the Nolte Reports as "Highly Confidential/Attorneys' Eyes Only" and the balance of interests weighs in favor of disclosure because WIN cannot adequately defend against ACT's alleged damages without reviewing the Reports and consulting with its counsel regarding the same. For these reasons and the reasons set forth in WIN's Motion to Compel De-Designation, WIN respectfully requests that the Court

5

grants its Motion to Compel De-Designation and compel ACT to de-designate the Nolte Reports as Highly Confidential/Attorneys' Eyes Only and reclassify them as "Confidential."

Respectfully submitted this 3rd day of September, 2019.

**WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC**

s/W. Kyle Carpenter_____
W. Kyle Carpenter (BPR #005332)
J. Chadwick Hatmaker (BPR # 018693)

Post Office Box 900
Knoxville, TN 37901
(865) 215-1000
kcarpenter@wmbac.com
chatmaker@wmbac.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This the 3rd day of September, 2019.

s/W. Kyle Carpenter_____
Attorney

6