IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ACT, INC., | : | |
| | : | Case No. 3:18-cv-00186-TRM-HBG |
| Plaintiff and Counter-Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| WORLDWIDE INTERACTIVE NETWORK, INC. and TERESA CHASTEEN, | : | |
| | : | |
| Defendants and Counter-Claimants. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF AND COUNTER-DEFENDANT ACT, INC.'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

Plaintiff/Counter-Defendant ACT, Inc. ("ACT" or "Plaintiff") hereby moves for a temporary restraining order and preliminary injunction under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Fed. R. Civ. P. 65, against Defendants/Counter-Claimants Worldwide Interactive Network, Inc. and Teresa Chasteen ("Defendants").

*The subject of this motion is urgent because ACT has reason to believe that WIN will submit a response to a Request for Proposal to the State of Michigan on May 28, 2020 containing materially false statements, which, if not enjoined, would cause further irreparable harm to ACT and the public.*

Plaintiff seeks to enjoin Defendants from making the following false statements related to WIN's Ready to Work Assessments:

1. Stating, representing expressly or impliedly, or advertising that WIN assessments are valid and/or reliable and/or that WIN has evidence of validity and/or reliability.

2. Stating, representing expressly or impliedly, or advertising that WIN assessments are compliant with the *Standards for Educational and Psychological Testing* (American Educational Research Association [AERA], American Psychological Association & National Council on Measurement in Education, 2014) ("the *Standards*").

3. Stating, representing expressly or impliedly, or advertising that WIN assessments, scores or certificates are comparable or equated to ACT's WorkKeys assessments, scores or certificates (the National Career Readiness Certificate, or NCRC).

There is more than a likelihood of success on the merits; indeed, there is no genuine dispute that Defendants' statements of validity, reliability, compliance with the Standards, and comparability/equivalency to ACT's assessments are literally false and unsubstantiated. Defendants failed to produce evidence substantiating these statements, despite Court orders. Additionally, Defendants do not have an expert to testify on these highly technical issues, and ACT's expert Dr. Sireci's unrebutted testimony demonstrates Defendants' statements are false. Further, WIN's own internal emails confirm that WIN "made up" its statements about test validity, reliability and compliance with the Standards.

Defendants' false statements are deceiving consumers and irreparably harming Plaintiff and the public. Plaintiff prays for this limited, but vital and immediate relief to enjoin Defendants from such unfair competition, which will continue to cause serious harm to Plaintiff and the public.

Plaintiff also seeks an order requiring Defendants to issue a public retraction (the "Retraction") stating the following:

1. That an injunction has been issued against Defendants for false and misleading advertising in the case styled *ACT, Inc. v. Worldwide Interactive Network, Inc.*, No. 3:18-cv-00186 (E.D. Tenn. May 14, 2018).

2. Defendants have made false and misleading statements that WIN's assessments are compliant with the *Standards for Educational and Psychological Testing* (American Educational Research Association [AERA], American Psychological Association & National Council on Measurement in Education, 2014) ("the *Standards*"). The truth is that

> Defendants' assessments are *not* compliant with the *Standards*, which are the relevant industry standards that Courts have considered when assessments are challenged based on EEOC, due process and other legal challenges.

3. Defendants have made false and misleading statements that their assessments are valid. Validity is "the degree to which evidence and theory support the interpretations of test scores for proposed uses of tests." The truth is that WIN's assessments have not been validated for the purpose of assessing workplace skills and competencies.

4. Defendants have made false and misleading statements that WIN's assessments are reliable. Reliability "refers to the consistency of test scores across repeated testing occasions." The truth is that the reliability evidence provided by Defendants for their assessments is insufficient and falls far short of that required by *The Standards.*

5. Defendants have made false and misleading statements that WIN's assessments or scores are comparable or equivalent to ACT's. This claim is false. WIN's assessment scores are not equated to ACT's. This means that the numerical scores obtained from the WIN assessments do not signify the same levels of workplace competencies as the identical numerical scores from WorkKeys. For example, a score of "3" (Bronze) on the WIN assessments does not signify the same level of workplace competencies as a "3" (Bronze) on the WorkKeys assessments.

This Motion is supported by points and authorities in Plaintiff's Memorandum of Law in Support of its Motion for Preliminary Injunction and by the Affidavits of Plaintiff's employees.

Respectfully submitted this 21st day of May, 2020.

By: */s/ Laura L. Chapman (Admitted Pro Hac Vice)*
Thomas S. Scott, Jr., BPR #: 001086
Christopher T. Cain, BPR #: 19997
SCOTT & CAIN, PLLC
606 W. Main Street, Suite 222
Knoxville, TN 37902
(865) 525-2150
scott@scottandcain.com
cain@scottandcain.com

Laura L. Chapman, Esq. (*Admitted Pro Hac Vice*)
Yasamin Parsafar, Esq. (*Admitted Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
lchapman@sheppardmullin.com
yparsafar@sheppardmullin.com

Attorneys for Plaintiff and Cross-Defendant ACT, INC.

## CERTIFICATION OF NOTICE TO OPPOSING COUNSEL PURSUANT TO FED. R. CIV. P. 65(b)1(B)

Pursuant to Fed. R. Civ. P. 65(b)(1)(B), I certify that counsel for Plaintiff ACT, Inc. notified counsel for Defendants/Counter-Claimants Worldwide Interactive Network, Inc. and Teresa Chasteen, via email on May 19, 2020, of the need to file the foregoing PLAINTIFF AND COUNTER-DEFENDANT ACT, INC.'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.

DATED: May 21, 2020

                                        */s/ Laura L. Chapman (Admitted Pro Hac Vice)*
                                        Laura L. Chapman

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, a true and correct copy of the foregoing PLAINTIFF AND COUNTER-DEFENDANT ACT, INC.'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

>*/s/ Laura L. Chapman (Admitted Pro Hac Vice)*
> Laura L. Chapman