UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ACT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-CV-186-TRM-HBG |
| | ) |
| | ) |
| WORLDWIDE INTERACTIVE NETWORK, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion Under Federal Rule of Civil Procedure to: Establish the Fact that Defendant's Claims of Test Validity and Reliability are False and Prohibit WIN from Introducing Evidence on the Issue of Validity and Reliability of its Assessment as a Sanction for Defendant's Failure to Comply with the Court's Order [Doc. 224], Prohibit Defendant from Introducing Evidence of Any Damages in Support of its Counterclaim as a Sanction for Defendant's Failure to Comply with the Court's Order, and to Prohibit Defendant From Introducing Evidence of its Claimed Costs for Defendant's Failure to Comply with the Court's Order ("Motion for Sanctions") [Doc. 366]. The Motion is ripe for adjudication. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [**Doc. 366**]. While the Court will not, at this time, sanction Defendant as Plaintiff has requested, the Court does find an award of attorney's fees appropriate in this case for the reasons explained below.

Specifically, in its Motion, Plaintiff requests three sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (c). Rule 37(b)(2)(A)(i)-(ii) provides as follows:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii). "Courts have recognized, however, 'that a court's decision to deem certain facts established may equate to a default judgment in some circumstances.'" *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008) (quoting *Chilcutt v. United States,* 4 F.3d 1313, 1320 (5th Cir. 1993)).

Further, Rule 37(c)(1) provides as follows:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

2

> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37.

With the above background in mind, the Court will turn to the requested sanctions. As mentioned above, Plaintiff has requested sanctions, arguing that Defendant committed three discovery violations. The Court will address these separately.

### A. Defendant's Claims of Test Validity and Reliability

Plaintiff argues that Defendant falsely advertises its Ready to Work Assessments as "valid and reliable" under industry standards set forth in The Standards for Educational and Psychological Testing. Plaintiff submits that Defendant has relied on the truth as an affirmative defense. Plaintiff states that it served an interrogatory, Interrogatory No. 10, which requests Defendant to "state all facts that support your tenth defense of truth." [Doc. 357 at 3]. Plaintiff submits that in the Court's Order dated November 8, 2019, ("November Order"), the Court found that Defendant's responses to a number of interrogatories, including Interrogatory No. 10, contained little facts. Plaintiff states that Defendant's Second Supplemental Response to Interrogatory No. 10 does not contain a single fact in support of the alleged "truth." Plaintiff states that Defendant makes naked claims that do not satisfy Defendant's obligation to provide facts and that Defendant's Second Supplemental Response to Interrogatory No. 10 does not comply with the Court's November Order.

In addition, Plaintiff asserts that it also requested evidence supporting Defendant's claims of test validity and reliability in its Second Request for Production Nos. 155 and 158. Plaintiff argues that in an Order dated May 17, 2019 ("May Order"), the Court ordered Defendant to provide the bates-stamped number in response to the Second Requests for Production. Plaintiff argues that

3

Defendant failed to comply with the May Order and instead responded, "In order to identify documents that are most likely responsive to this Request, the documents were searched for the following terms." Plaintiff argues that in the November Order, the Court ordered Defendant to supplement such responses. Plaintiff states that Defendant failed to so do. Plaintiff seeks sanctions under Rule 37(b)(2)(A) and Rule 37(c), requesting that the Court establish the fact that Defendant's claims of test validity and reliability are false and prohibit Defendant from ambushing Plaintiff with evidence on these issues at trial.

Defendant argues that the Court's November Order did not order it to respond to the Second Set of Requests for Production. Defendant states that the November Order required Defendant to supplement its interrogatory responses, which it did. Defendant states that in response to Interrogatory No. 10, it stated that the reliability and validity statements in the 2012 Technical Report are truthful and accurate and that it provided Plaintiff with the 2012 Technical Report. Defendant states that it has also produced documents in response to Plaintiff's Request for Documents Nos. 155 and 158, citing to [Doc. 367-3 at 5].

In the November Order, the Court directed Defendant to supplement its responses to the interrogatories, including Interrogatory No. 10, if there are additional facts that it had uncovered during discovery. Defendant states that it has properly supplemented its response to Interrogatory No. 10. *See* [Doc. 367-2 at 27-31]. While Plaintiff disagrees that Defendant properly supplemented this Interrogatory with sufficient facts, the Court finds that this issue goes to the weight of Defendant's evidence, which the jury will consider. The Court does not find that Defendant violated the November 10 Order with respect to Interrogatory No. 10.

With respect to the Second Requests for Production, the Court finds that whether Defendant violated the November Order is a closer call. In May 2019, the Court ordered Defendant

4

to supplement its responses to the Second Request for Production [Doc. 89 at 18]. The Court further instructed Defendant that if the documents had already been produced to provide the bates-stamped number. With respect to Request for Production of Documents Nos. 155 and 158, Defendant served supplemental responses identifying the bates number in an attached spreadsheet. [Doc. 367 at 5, 7-8]. In its response, however, Defendant stated, "In order to identify documents that are *most likely* to be responsive to this Request, the documents were searched for the following search terms . . ." (Emphasis added).

The November Order discusses the Court's previous instructions with respect to Defendant's responses to the interrogatories and to the Second Requests for Production [Doc. 224 at 7-8]. When discussing the issue with Defendant's discovery responses, the Court specifically addressed Defendant's responses to the interrogatories, which also contained a similar sentence as above: "In order to identify the business records previously produced to ACT that are most likely to contain information responsive to this interrogatory, the documents produced by Defendant were searched using get following search terms." [*Id.* at 9]. The Court noted, "The documents are either responsive or not. Stating that the documents 'most likely' contain responsive information is not acceptable . . ." [*Id.*]. The Court ordered Defendant to supplement and/or amend its responses.

Defendant claims that the Court did not order it to supplement the Second Requests for Production but only ordered it to supplement Interrogatories. The Court agrees that the November Order was more specific as to Defendant's responses to Plaintiff's interrogatories. The November Order, however, also pointed out that Defendant's responses to the interrogatories (i.e., identifying records "most likely" to contain responsive information) was unacceptable. Defendant's responses to the Second Set of Production contained a similar sentence.

5

Accordingly, the Court **ORDERS** Defendant to supplement its responses to the Second Set of Requests on or before **June 12, 2020**. The Court finds attorney's fees to be appropriate because Defendant did not comply with its discovery obligations, and the Defendant was aware that its responses, which contained the phrase "most likely responsive" was unacceptable. *See* Fed. R. Civ. P. 37(b)(2)(C) (stating that the Court may award attorney's fees instead of or in addition to). As the Court previously stated, either the documents are responsive, or they are not. The Court finds Plaintiff's requested sanctions too harsh given that the November Order was more specific as to Defendant's interrogatory responses. Further, it is unclear at this time whether there are any additional documents that need to be provided or whether Defendant simply needs to modify the problematic phrase, making sanctions under Rule 37(b)(2)(C) not proper at this time.

### B. Defendant's Counterclaims for False Advertising and Intentional Interference with Business Relations

Plaintiff argues that Defendant asserted counterclaims for false advertising and intentional interference with business relations. Plaintiff states that Defendant did not provide the information regarding damages on these claims in its initial disclosures or in its response to Interrogatory No. 16. Plaintiff argues that in the November Order, the Court ordered Defendant to supplement its responses to the interrogatories, including Interrogatory No. 16. Plaintiff states that Defendant served a supplemental response to Interrogatory No. 16 simply stating that it has not yet calculated the total amount of damages caused by Plaintiff. Plaintiff submits that Defendant failed to identify any amount of damages, and there are no facts in Defendant's response supporting any amount of damages. Plaintiff requests that such damages be excluded.

Defendant acknowledges that it has not provided an exact total amount of damages but argues that it cannot ascertain the exact total amount of damages because Plaintiff's wrongful acts

6

are continuing in nature and Defendant is continuing to discover the effects of Plaintiff's actions. Defendant stated that Plaintiff noticed a Rule 30(b)(6) witness on the subject of damages, but Plaintiff did not ask the witness any questions regarding Defendant's damages.

In the present matter, Interrogatory No. 16 requests that Defendant state all facts to support the allegation that Plaintiff caused Defendant to sustain damages, including without limitation, the category of damages, the amount of damages and an explanation of how the damages were computed, and the theory or basis of such calculation. Defendant responds by identifying the categories of damages but does not provide a total amount stating that wrongful acts are continuing in nature and the extent of the damage has not yet been determined. Accordingly, Defendant **SHALL** supplement its response to Interrogatory No. 16 on or before **June 12, 2020**, by providing its damages thus far and how it calculated such damages. Failure to properly supplement Interrogatory No. 16 will result in the exclusion of such evidence. The Court also finds an award of attorney's fees appropriate due to Defendant's failure to properly supplement.

### C. Defendant's Claimed Costs

Plaintiff argues that it is seeking Defendant's profits for violations under the Lanham Act and the Copyright Act and that in determining profits, Plaintiff only has to prove sales or revenue. Plaintiff states that the burden then shifts to Defendant to prove deductive expenses. Plaintiff states that it has been trying to discover information regarding Defendant's alleged deductive costs since it served its first set for discovery requests on July 27, 2018, but Defendant has produced only limited, self-selected summaries. Plaintiff states that in the November Order, the Court ordered Defendant to produce its QuickBooks to Plaintiff, but Defendant produced self-selected manipulated excerpts from its QuickBooks that were created for the purpose of litigation and are not evidence. Plaintiff submits that Defendant produced six documents in pdf format, which are

7

self-serving, manipulated and cryptic partial extractions from its QuickBooks files. Plaintiff states that it cannot determine whether the excerpts Defendant produced are accurate or complete or whether they include costs that are not deductible. Further, Plaintiff states that Defendant's production of .pdf documents as opposed to native .QBW format is a violation of the parties' discovery plan. Plaintiff requests that Defendant be prohibited from deducting any costs from revenue at trial pursuant to Rule 37(b)(2)(A)(ii).

Defendant responds that it complied with the November Order. Defendant argues that the Court allowed it to produce its QuickBooks in a format that allows for appropriate redactions, and it did so. Defendant states that if it produced its QuickBooks in the native format, .QWB format, it would have to provide Plaintiff with its password information to access its files and would include links to sensitive information. Defendant argues that it produced as follows: (i) Sales by Customer Detail from January 2012 through November 2019, which shows each and every sale of a relevant product WIN made to any customer during that time period and the amount of revenue WIN generated from each sale, as well as total revenue for that time period; (ii) All Transactions with South Carolina from March 2018 through November 2019, including invoices and costs; (iii) detailed financial summary of the Florida Ready to Work Program from January 2012 through November 2019, including detailed invoices and costs; (iv) a spreadsheet identifying the Bates-Number of invoices already produced; (v) a detailed summary of the costs associated with developing WIN's career ready assessments; and (vi) a detailed profit and loss sheet from January 2012 through November 2019.

In the November Order, the Court stated that Plaintiff has shown that it needs completed financial information from Defendant. [Doc. 224]. The Court ordered Defendant to provide Plaintiff with its QuickBooks on or before November 25, 2019, in a format that allows for

8

appropriate redactions. [*Id.*]. The Court allowed Defendant to redact any passwords and account information and make appropriate designations pursuant to the Protective Order in this case. [*Id.*].

The Court did not order a specific format; however, Nolte explains why the additional six pdf pages were insufficient. [Doc. 365 at ¶¶ 12-16]. Accordingly, Defendant is **ORDERED** to produce a copy of its relevant QuickBooks files in .QBA format on or before **June 12, 2020**. *See* [Doc. 367-1 at 5] ("Declaration of David Nolte") ("The simplest solution would have been to provide a .QBA file. A QBA file is a format used for sharing information with outside accountants, which does not allow the accountant to access banking services.").

### III. CONCLUSION

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [**Doc. 366**]. While the Court will not, at this time, sanction Defendant as Plaintiff has requested, the Court does find an award of attorney's fees appropriate in this case for the reasons explained above. The Court finds that Plaintiff **SHALL** be awarded its reasonable attorney's fees incurred for filing the instant Motion. If the parties cannot agree on the reasonable amount of attorney's fees, Plaintiff **SHALL** bring this matter to the Court's attention within fourteen (14) days of entry of the instant Order. Defendant may respond within fourteen (14) days.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

9