IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ACT, INC., )<br>)<br>    Plaintiff/Counter-Defendant )<br>)<br>v. )<br>)<br>WORLDWIDE INTERACTIVE )<br>NETWORK, INC. and TERESA CHASTEEN, )<br>)<br>    Defendants/Counter-Plaintiff. ) | Case No.: 3:18-cv-00186-TRM-JEM |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR PARTIAL JUDGMENT AS A MATTER OF LAW**

Worldwide Interactive Network, Inc. ("WIN") and Teresa Chasteen ("Ms. Chasteen") (collectively, "Defendants"), under Rule 50(a) of the Federal Rules of Civil Procedure and this Court's August 25, 2022 Order (Doc. 692), submit the following memorandum of law in support of their Motion for Partial Judgment as a Matter of Law ("Motion"):

**I.      INTRODUCTION**

On August 24, 2022, WIN and Ms. Chasteen made their Motion orally, requesting that the Court grant partial judgment as a matter of law on certain of ACT, Inc.'s ("ACT") claims based on these grounds:

    A. ACT Has Abandoned Its Claim of Copyright Infringement Based on the 1995 Registrations.

    B. Statutory Damages and Attorneys' Fees Should Be Stricken as a Remedy for ACT's Copyright Infringement Claims.

    C. Ms. Chasteen Did Not Profit from Any Infringement of ACT's Copyrights, So the Disgorgement Remedy Does Not Apply to Her.

D. No Reasonable Juror Could Find Personal Liability Against Ms. Chasteen for Copyright Infringement or Lanham Act Violations on this Record.

E. ACT Has Not Proven Any Damages for Its Certification Mark Claims.

F. No Reasonable Juror Could Find that the Score Levels BRONZE, SILVER, GOLD, and PLATINUM Are Certification Marks.

G. No Reasonable Juror Could Find that WIN Engaged in False Commercial Advertising in Arizona or South Carolina.

## II. STANDARD

Rule 50 of the Federal Rules of Civil Procedure provides that a court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 502–03 (6th Cir. 2013). "The standard for judgment as a matter of law under Rule 50 is the same as the standard for summary judgment under Rule 56." *Groeneveld*, 730 F.3d at 503 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

"[I]f, under the governing law, there can be but one reasonable conclusion as to the verdict," then judgment as a matter of law should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "In other words, the decision to grant judgment as a matter of law or to take the case away from the jury is appropriate whenever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ." *Burley v. Gagacki*, 729 F.3d 610, 621 (6th Cir. 2013). "In deciding whether to grant a motion for judgment as a matter of law, the district court must consider all admissible evidence and all reasonable inferences

therefrom in the light most favorable to the non-moving party, 'without making credibility determinations or weighing the evidence.'" *Burley*, 729 F.3d at 621–22 (quoting *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999)).

## III. ARGUMENT

### A. ACT Has Abandoned Its Claim of Copyright Infringement Based on the 1995 Registrations.

The trial record establishes that ACT has submitted no competent evidence of (1) the Registrations of the 1994 Work Keys Target for Instruction for (i) Locating Information, (ii) Reading for Information, or (iii) Applied Mathematics (the "1995 Registrations"); and (2) the three Targets of Instruction works submitted as deposit materials and registered with the Copyright Office. In August 2019, ACT corrected its 2018 registrations of the 2008 Technical Manuals for Locating Information, Reading for Information, and Applied Mathematics to limit its claims of copyrights to *specifically exclude* the 1994 Work Keys Targets for Instruction for (i) Locating Information, (ii) Reading for Information, and (iii) Applied Mathematics.[1]

To succeed on its copyright infringement claim, ACT must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004). A plaintiff cannot sue under the Copyright Act "until . . . registration of the copyright claim has been made in accordance with this title." 17

---

[1] Defendants could not have infringed upon both the 1995 Registrations and the 2018 Registrations because the U.S. Copyright Office will not register the same work twice. Compendium of U.S. Copyright Office Practices, Third Edition at § 510; 37 C.F.R. § 202.3(b)(11); H.R. Rep. No. 94-1476, at 155, reprinted in 1976 U.S.C.C.A.N. at 5771; S. Rep. No. 94-473, at 138 (recognizing that there is a "general rule against allowing more than one registration (i.e., basic registration) for the same work"). Allowing multiple registrations for the same work confuses the public record and would allow plaintiffs to "game" the ability to assert claims for statutory damages and attorneys' fees.

U.S.C. § 411(a). "[D]istrict courts within this circuit have uniformly concluded that . . . claims premised on unregistered copyrights must be dismissed in light of § 411(a)." *Schenck v. Orosz*, No. 3:13-CV-0294, 2013 U.S. Dist. LEXIS 160690, 2013 WL 5963557, at *7 (M.D. Tenn. Nov. 7, 2013). ACT has not filed with the Court a certificate of copyright registration or otherwise offered sufficient competent evidence establishing such registration. *See Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) ("Where a defendant shows a lack of evidence on any particular element of the claim at issue, the plaintiff has the burden of offering affirmative evidence from which a reasonable fact finder could find in his favor.").

With no evidence of the 1995 Registration certificates and the works registered thereby (*i.e.*, the deposit materials for Work Keys Target for Instruction for (i) Locating Information, (ii) Reading for Information, or (iii) Applied Mathematics), neither one of these elements can be considered by the jury, let alone proven by ACT. Thus, the Court should grant Defendants' partial motion for judgment as a matter of law, and ACT's claim against WIN and Ms. Chasteen for copyright infringement based on the 1994 Work Keys Target for Instruction for (i) Locating Information, (ii) Reading for Information, and (iii) Applied Mathematics should be dismissed. *See Downey v. Downey*, 2012 U.S. Dist. LEXIS 175156, at *8–10 (S.D. Ohio Dec. 12, 2012).

   **B. Statutory Damages and Attorneys' Fees Should Be Stricken as a Remedy for ACT's Copyright Infringement Claims.**

ACT's claims for statutory damages and attorneys' fees under its copyright registrations for WorkKeys Reading for Information Technical Manual 2018, WorkKeys Locating Information Technical Manual 2018, and WorkKeys Applied Mathematics Technical Manual 2018 ("2018 Registrations") should also fail as a matter of law. While ACT claims to have published the three 2018 Technical Manuals covered by the 2018 Registrations in 2008, the trial record reveals that ACT failed to register its copyrights within three months of publication. ACT waited for more

than ten years (March 22, 2018) to file the applications for the 2018 Registrations. The trial record lacks any evidence that WIN's alleged infringement began after March 22, 2018, and ACT's theory is the infringement began at least by December 22, 2017, when WIN responded to South Carolina's Request for Proposal.

Under 17 U.S.C. § 412, neither statutory damages nor attorney's fees are available for infringement begun before registration. Section 412(1) "leaves no room for discretion," precluding statutory damages "so long as the infringement commenced before registration of the copyright," which means that "the first act in a series of acts constituting continuing infringement" occurred before registration. *Johnson v. Jones*, 149 F.3d 494, 505-06 (6th Cir. 1998); *see also Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143-44 (5th Cir. 1992) (precluding recovery of statutory damages "for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration"); *Masck v. Sports Illustrated*, No. 13-10226, 2013 U.S. Dist. LEXIS 81677, 2013 WL 2626853, at *5 (E.D. Mich. June 11, 2013) (quoting 17 U.S.C. § 412(2)).

### C. Ms. Chasteen Did Not Profit from Any Infringement of ACT's Copyrights, So the Disgorgement Remedy Does Not Apply to Her.

"The default rule in copyright infringement cases is that, although defendants may be jointly and severally liable for each other's actual damages, each defendant is 'severally liable for his or its own illegal profit; one defendant is not liable for the profit made by another.'" *Navarro v. Proctor & Gamble Co.*, 515 F. Supp. 3d 718, 771 (S. D. Ohio 2021); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985). The only exception to this rule arises "when the defendants act as partners or practical partners." *Id.*; *see also id.* at 772 (finding that the exception for "non-innocent infringement" does not exist).

"As a general matter, the term partner or partnership refers to a situation where two or more parties have agreed to carry on as co-owners a business for-profit." *Id.* at 771. ACT has presented no evidence suggesting that WIN was carrying on a business as a co-owner with Ms. Chasteen—instead, Ms. Chasteen is a partial owner of WIN. Thus, ACT's only chance at prevailing under this exception is if it has submitted evidence that WIN was acting as a "practical partner" to Ms. Chasteen. *See id.* "[A] practical partnership exists for purposes of copyright law when many of the markers of an actual partnership are present, but the relationship has not yet become an actual legal partnership," including "shar[ing] some exposure to profits, losses, and mutual control over some joint undertaking." *Id.* ACT has presented no evidence that Ms. Chasteen shares exposure to profits and losses of WIN.

Thus, Ms. Chasteen may not be held jointly and severally liable for WIN's profits. ACT also presented no evidence that Ms. Chasteen profited from her or WIN's alleged violations of ACT's copyrights. Accordingly, the Court should grant judgment as a matter of law and hold that the disgorgement remedy ACT seeks does not apply to Ms. Chasteen.

### D. No Reasonable Juror Could Find Personal Liability Against Ms. Chasteen for Copyright Infringement or Lanham Act Violations on this Record.

For personal liability for copyright infringement, ACT must prove that Ms. Chasteen:

(1) personally and directly violated an exclusive right of ACT;

(2) induced, caused, or materially contributed to the infringing conduct of WIN with knowledge of the infringing conduct; or

(3) enjoyed a direct financial benefit from the infringing activity and had the right and ability to supervise the infringing activity.

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004).

ACT's case-in-chief failed to show that Ms. Chasteen personally and directly copied ACT's Skills Definitions because WIN—and not Ms. Chasteen—created the curriculum and

assessments. ACT's case likewise failed to establish that Ms. Chasteen induced, caused, or materially contributed to the infringing conduct of WIN with knowledge of the infringing conduct. Nor did ACT's case show that Ms. Chasteen received a direct financial benefit from the infringement because all of the contracts at issue were between States and WIN, not Ms. Chasteen.

Judgment as a matter of law is also proper in Ms. Chasteen's favor under the Lanham Act. To succeed on its claim against Ms. Chasteen individually, ACT must show that Ms. Chasteen:

(1) was personally involved in the infringement; **and**

(2) did more than merely control corporate affairs.

*See Top Tobacco, LP v. Abdelshahed*, No. 3:19-CV-00356, 2020 WL 635257, at *9 (M.D. Tenn. Feb. 11, 2020).

ACT has failed to present sufficient evidence to survive this Motion. ACT has not shown that Ms. Chasteen did anything more than control WIN's corporate affairs as WIN's President. Thus, the Court should grant judgment as a matter of law on these claims against Ms. Chasteen.

### E. ACT Has Not Proven Any Damages for Its Certification Mark Claims.

To recover damages under the Lanham Act, ACT must show the existence of damages and present sufficient evidence to permit a fact finder to make a fair and reasonable assessment of the existence and amount of damages. *See Broan Mfg. Co. v. Associated Distributors*, Inc., 923 F.2d 1232, 1236 (6th Cir. 1991); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993); *see also Schaffer v. Weast*, 546 U.S. 49, 56, 126 S. Ct. 528, 163 L. Ed. 2d 387 (2005) ("The plaintiff normally bears the burden of persuasion on all issues, including damages.")

In this case, ACT must show that it has suffered damages stemming from Defendants' alleged infringing activity. ACT has presented no evidence of any actual damages from WIN's use of the BRONZE, SILVER, GOLD, or PLATINUM designations. For instance, ACT's expert witness on damages did not opine on any damages related to unfair competition or false

designation of origin under the Lanham Act. Thus, the Court should grant judgment as a matter of law in Defendants' favor on this claim.

### F. No Reasonable Juror Could Find that the Score Levels BRONZE, SILVER, GOLD, and PLATINUM Are Certification Marks.

Evidence of a certification mark must show how an authorized party other than the owner uses the mark in commerce to certify "regional or other origin, material, mode of manufacture, quality, accuracy, or other characteristics of that person's goods or services; or that members of a union or other organization performed the work or labor on the goods or services." 37 C.F.R. §2.56(b)(5); Trademark Manual of Examining Procedure ("TMEP") § 1306.02(a)(i)(B). To support its claim for certification marks in BRONZE, SILVER, GOLD, and PLATINUM, ACT presented excerpts from job postings seeking applicants that achieved certain skill designations. But these job postings are not evidence of proper certification mark use because they just tell the reader the preferred qualifications of the employer.

The purpose of a certification mark is to inform purchasers that the goods or services of a person possess certain characteristics or meet certain qualifications or standards established by another person. *See* TMEP Section 1306.01(b). Here, the job postings do not serve the purpose of informing purchasers that the certified individual's services meet certain certification standards; the postings merely communicate to the reader what are the preferred qualifications of a prospective employee. Furthermore, the job postings do not show that a certified person is using the alleged certification marks.

As Grey Parks testified, ACT's designation BRONZE, SILVER, GOLD, and PLATINUM indicate a score level on a test. (*See* Parks Dep. 92:15–19.) The designations are no different than indicating a test taker's score by grading performance as a "B+" on a test. No services are provided by the certified person using BRONZE, SILVER, GOLD, or PLATINUM to communicate to the

8

consuming public that the services that they are offering are certified to be of a certain quality. These score levels are more akin to a diploma, or to a title, both of which have been held not to be a certification mark. *See In re Univ. of Miss.*, 1 U.S.P.Q.2d 1909 (T.T.A.B. 1987); *In re Software Publishers Ass'n*, 69 U.S.P.Q.2d 2009 (T.T.A.B. 2003) (finding that "CERTIFIED SOFTWARE MANAGER" used on certificate merely indicates that holder of the certificate has been awarded a title or degree, and is not likely to be perceived as certification mark); *In re Nat'l Ass'n of Purchasing Mgmt.*, 228 U.S.P.Q. 768 (T.T.A.B. 1986) (holding that "C.P.M." was used merely as title or degree, not as certification mark); *In re Nat'l Ass'n of Legal Secretaries (Int'l)*, 221 U.S.P.Q. 50 (T.T.A.B. 1983) (finding that "PROFESSIONAL LEGAL SECRETARY" not used in such a way as to indicate certification significance).

### G. No Reasonable Juror Could Find that WIN Engaged in False Commercial Advertising in Arizona or South Carolina.

In its case, ACT presented no evidence of allegedly false statements made by WIN in Arizona. The only evidence of allegedly false statements presented during ACT's case are statements made in WIN's response to the South Carolina Request for Proposal. Because these allegedly false statements were not made in commercial advertising, the Court should grant the Motion as to ACT's false advertising claims.

"The precise language of the [Lanham] Act itself makes it applicable only to misrepresentations 'in commercial advertising or promotion.'" *See Kansas Bankers Sur. Co. v. Bahr Consultants, Inc.*, 69 F. Supp. 2d 1004, 1012 (E.D. Tenn. 1999). In analyzing whether the allegedly false statements should be considered "commercial advertising," courts in the Sixth Circuit look at (1) whether the statements is commercial speech; (2) to influence customers to buy the opposing party's goods or services; (3) that is shared either widely enough to the relevant purchasing public to constitute advertising or promotion within that industry or to a substantial

9

portion of the claimant's or opposing party's existing customer or client base. *See Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 801 (6th Cir. 2015). The "touchstone" of this inquiry is whether "the contested representations are part of an organized campaign to penetrate the relevant market." *Id.* at 800 (internal citation omitted).

Courts routinely limit what constitutes an "advertisement" for purposes of a Section 1125(a) claim to "commercial advertising," consistent with the statutory language. *Advanced Fluid Sys. v. Huber*, 28 F. Supp. 3d 306, 334 (M.D. Pa. 2014); *see* 15 U.S.C. § 1125(a)(1)(B). Many courts have concluded that purely private communications and other messages that are not publicly disseminated are not "advertising" or "promotion" as contemplated by Section 1125(a)(1)(B). *See, e.g.*, *Nw. Strategies, Inc. v. Buck Med. Servs.*, 927 F. Supp. 1343, 1346 (W.D. Wash. 1996) (rejecting claim when false statement in bid proposal was "not disseminated in interstate commerce"); *H&R Indus., Inc. v. Kirshner*, 899 F. Supp. 995, 1005 (E.D.N.Y. 1995) (holding advertisement must be "disseminated sufficiently to the relevant purchasing public"); *Garland Co. v. Ecology Roof Sys. Corp.*, 895 F. Supp. 274, 279 (D. Kan. 1995) (concluding that "'commercial advertising or promotion' involves a notion of public dissemination"); *see also Johnson Controls, Inc. v. Exide Corp.*, 152 F. Supp. 2d 1075, 1081–82 (N.D. Ill. 2001) ("Numerous courts have held . . . that misrepresentations made to a single customer in the context of negotiating a transaction cannot constitute 'advertising' or 'promotion' in the statutory sense.") (citing *Garland*, 895 F. Supp. at 279).

Misrepresentations made to a single customer in the context of negotiating a transaction cannot constitute "advertising" or "promotion" in the statutory sense. *See Johnson Controls, Inc.*, 152 F. Supp. 2d at 1081–82. In *Johnson Controls, Inc.*, plaintiff alleged that defendant made misrepresentations to a prospective customer in the context of bidding for a supply contract, and

the court found that this was not "advertising" or "promotion" under the Lanham Act. *Id.* More recently, a court found that allegations of a misrepresentation in a proposal to a government agency for a single government contract was not widely broadcast to the purchasing public to qualify as advertising under the Lanham Act. *See Kratos Def. Eng'g Sols. Inc. v. Nes Assocs., LLC*, No. 1:10cv1452 (GBL/IDD), 2011 U.S. Dist. LEXIS 168422, at *24-25 (E.D. Va. Mar. 23, 2011).

ACT has not shown that WIN's response to the South Carolina Request for Proposal was widely broadcast to the purchasing public or "part of an organized campaign to penetrate the relevant market." *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d at 800 (internal citation omitted). Instead, the evidence ACT presented confirms that WIN's response was private—it was distributed only to six evaluators. Further, Cary Schoener, as the corporate representative of ACT, testified that ACT was marketing its WorkKeys product in all 50 States at the time of WIN's response. [Add Schoener cite.] By contrast, WIN's market for its product was limited to Kentucky, Arizona, Florida, West Virginia, and South Carolina. Thus, ACT has presented insufficient evidence to show that WIN's allegedly false statements qualify as "commercial advertising" under the Lanham Act, and the Court should grant the Motion as to the false advertising claims.

## IV. CONCLUSION

For these reasons, Defendants request that the Court grant their Motion.

Respectfully submitted, this 29th day of August 2022.

/s/ W. Kyle Carpenter
W. Kyle Carpenter (BPR # 005332)
J. Chadwick Hatmaker (BPR # 018693)
Kaitlyn E. Hutcherson (BPR # 035188)
WOOLF, McCLANE, BRIGHT, ALLEN &
CARPENTER, PLLC
Post Office Box 900
Knoxville, TN 37901
Tel: (865) 215-1000
Fax: (865) 215-1001
kcarpenter@wmbac.com
chatmaker@wmbac.com
khutcherson@wmbac.com

*Attorneys for Worldwide Interactive Network, Inc.*

/s/ Samuel W. Outten
Woods Drinkwater (BPR #33838)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
150 Fourth Avenue North, Ste. 1100
Nashville, TH 37219
Tel: (615) 664-5307
woods.drinkwater@nelsonmullins.com

John McElwaine (*Admitted PHV*)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
151 Meeting Street, Suite 600
Charleston, SC 29401
Tel: (843) 853-5200
john.mcelwaine@nelsonmullins.com

Samuel W. Outten (*Admitted PHV*)
W. Logan Lewis (*Admitted PHV*)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
2 W. Washington Street, Ste. 400
Greenville, SC 29601
Tel: (864) 373-2300
sam.outten@nelsonmullins.com
logan.lewis@nelsonmullins.com

*Attorneys for Teresa Chasteen*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, a copy of the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Samuel W. Outten